IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 12-04059-01-CR-C-BCW |
| **IAN FRANCIS BUROW**, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
OBJECTIONS TO THE PSR AND SENTENCING MEMORANDUM**

The United States in response to Defendant's Objections to the Presentence Investigation Report (PSR) (DE: 47) states as follows:

1. The United States supports all the finding and conclusions in the PSR.

2. Defendant's first objection is a general conclusory objection that the sentence recommended in the PSR is cruel and unusual punishment in violation of the Eighth Amendment. (See ¶ 1 sentencing memo.) However, "[o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289 (1983). The court shows the Congress substantial deference since it has "broad authority to determine 'the types and limits of punishments for crimes.'" *Id*. at 290. In this instance, the range of punishment, and the punishment resulting for the commission of the many serious offenses which defendant pled to do not violate the Eighth Amendment, and defendant has not alleged or made a proper showing.

3. In ¶ 2 of his sentencing memorandum, defendant objects to the consideration of criminal conduct in which he participated because no charges were filed against him. He

additionally adds that the information in the PSR does not include the ages of the victims, so that his age might be compared to his; and only includes information which supports the "other criminal conduct." He variously claims that the introduction of uncharged conduct violates his due process rights.

Defendant's position is without merit. 18 U.S.C. § 3661 codifies the longstanding principle that a court has broad discretion regarding the kinds of information it may consider when sentencing a defendant. The statute provides that "(n)o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661. In that regard, the Supreme Court has allowed a sentencing court in a death penalty case to consider and rely upon a defendant's involvement in 30 burglaries in which the defendant was not criminally convicted. *Williams v. New York*, 337 U.S. 241, 247 (1949) ("Highly relevant-if not essential to [the court's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.") Further, the Court later stated that neither "§ 3661 nor the holding in *Williams* suggest any basis for the court's to invent a blanket prohibition against considering certain typed of evidence at sentencing." *United States v. Watts*, 519 U.S 148, 152 (1997); also see, *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 573, n. 19 (1996) ("A sentencing judge may even consider past criminal behavior which did not result in a conviction.")

The mere fact that two prosecutors may have reviewed certain conduct, and decided not to file is not indicative of anything relevant, other than the fact that charges were not filed. The

reason for not filing[1] is not given, and even if it were is not of any significance, as 18 U.S.C. §3661 states that "no limitation shall be placed" on material a court can consider.

The fact that no limitation is placed upon the information that a court can consider at sentencing is made more clear in *Watts*, where the Supreme Court stated that a court can even consider acquitted conduct when deciding upon an appropriate sentence. *United States v. Watts*, 519 U.S 148, 152 (1997); *Dowling v. United States,* 493 U.S. 342, 349 (1990) (acquittals do not preclude use of the same conduct in an action which involves a different and lesser standard of proof).

The consideration of all relevant information, without limitation, is also a concept which is incorporated into the Sentencing Guidelines. The Guidelines specifically point out that when picking out a sentence, whether within the guideline range or when deciding whether a departure is warranted, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." Guidelines §1B1.4 (citing to 18 U.S.C. §3661.); 28 U.S.C. §94(b)(1)(Guidelines must be consistent with all pertinent provisions of Title 18). Moreover, the facts that the government needs to prove are only subject to proof by a preponderance of the evidence." Guidelines §6A1.3. See, *McMillan v. Pennsylvania,* 477 U.S. 79, 91-92 (1986)(due process at sentencing satisfied by preponderance of evidence standard of proof).

In light of the above, it is clear that the court can consider the all conduct set forth in the PSR: the sexually inappropriate conduct for which Burow was held out of the Boy Scouts, and also, more specifically, the conduct which took place in 2006 through 2008 set forth in ¶¶ 49-56.

---

[1] While reasons for not filing can be guessed at, this produces nothing useful about the defendant, or his character. The conduct involved, on the other hand, produces useful information about the defendant's past, and his ability or inability to conform his behavior to the law.

3

All this conduct, while not charged, clearly occurred, and sheds light on the defendant, and his character. The actions of defendant in the years since this conduct also show what effect, if any, any efforts his parents or any other person had in changing his disposition, and propensities. Considering the conduct would enhance the court's ability to provide for an appropriate sentence; ignoring it leaves out one important fact in defendant's past.

On June 27, 2014, the United States provided defense counsel with the recorded statement defendant made with law enforcement. The United States will be prepared to present evidence regarding the conduct, and play the recorded statement.

4. In ¶3, defendant states that he objects to the increase set forth in the PSR at ¶ 20, namely that "the offense involved the distribution of child pornography to a minor with the intent to persuade, induce, entice or coerce the minor to engage in illegal activity." PSR at 7 ¶ 20. The offense conduct clearly demonstrates that defendant sent minors pictures and depictions of other known and identified minor victims, and this was done to induce and in fact did cause the receiving minor to send to defendant depictions of receiving minor actually depicted in sexually explicit conduct.

The government will have a witness and documents prepared in support of this enhancement.

Wherefore, the United States prays that the court consider the filed materials, and any testimony at the sentencing hearing, and find the PSR correct and accurate.

4

Respectfully submitted,

**Tammy Dickinson**
United States Attorney

By      /S/

**Anthony P. Gonzalez**
Assistant United States Attorney
Missouri Bar No. 29922

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 30, 2014, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/S/
**Anthony P. Gonzalez**
Assistant United States Attorney

5

Case 2:12-cr-04059-BCW   Document 53   Filed 06/30/14   Page 5 of 5